Pearson, J.
 

 The allegations of the bill are proven, and the plaintiff is entitled to the decree he asks for, unless the objections taken in reference to the defendant, Yiircent, are sustained.
 
 Tisdale
 
 v.
 
 Bailey,
 
 6 Ire. Eq., 358.
 
 Strong
 
 v.
 
 Menzies, ib.
 
 544.
 

 Mr. Donnell insisted that the right to complain of the fraud on his/ws
 
 mariti,
 
 was personal to the defendant, Yincent, and could not be assigned, so as to give the plaintiff a right to maintain this bill. He assumed that a creditor of Yincent who bought this interest at an execution sale, could not sue, and inferred that, a purchaser from Yincent could not sue. The cases are not similar. The former could not sue, because he acquired no right by his purchase at execution sale, inasmuch as the interest of the debtor was not subject to execution. But
 
 non constat,
 
 that the debtor himself could not in equity assign his right. It was an interest that would pass to his personal representative.
 
 Strong
 
 v.
 
 Menzies;
 
 and although by the strict rule of the common law, he could not assign it, because it was>a chose in action, and the legal title was in the donee of his wife, yet it is common learning, that such assignments, when for value, are supported by Courts of Equity.
 

 Mr. Donnell further insisted, that Yincent was not a competent witness, notwithstanding the plaintiff had released him, from all liability ; and moreover, that as he was primarily liable, the plaintiff by reading his deposition, had released the other defend
 
 *179
 
 ants who are only secondarily liable. After the release, the witness was certainly not interested, and was of course competent. The other proposition has no application. Yincent was not primarily liable. In fact he was not liable at all, except so far as he had incurred a collateral liability
 
 at law
 
 by reason of his express warranty ; and from this, the plaintiff had released him. There was no such relation between him and the other defendants as would enable them to screen themselves behind him. He did not participate in the fraud. In truth the fraud was practiced on him, and the rule above alluded to only applies, when the parties participate in the fraud, and one is considered primarily liable, because more directly involved in a breach of trust to the plaintiff. As where a trustee fraudulently sells the trust fund, or an administrator wastes the assets ; in such cases, although all who participate in the fraud are liable to the party injured, itis held, that the trustee or adminis-tratorshould stand in the front rank, and be required, in the first place, to make compensation'if he is able to do so. This is only to prevent circuity, becau.se of his liability over to his co-defendants. But here the defendant, Yincent., so far from having committed a fraud and being liable over, was the original victim of the fraud.
 

 Per Curiam. Decree accordingly.